IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 1:16-cv-_____ - ___-___

**ELECTION SYSTEMS & SOFTWARE, LLC,**
a Delaware limited liability company; and

**HART INTERCIVIC, INC.,**
a Texas corporation;

        Plaintiffs,

v.

**WAYNE W. WILLIAMS,**
in his official capacity as Colorado Secretary of State.

        Defendant.

---

## AFFIDAVIT OF EDWARD PEREZ IN SUPPORT
## OF PLAINTIFFS' MOTION WITH AUTHORITIES
## FOR TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION

---

Edward Perez, having first been duly sworn, states the following under oath.

1.    I am over the age of 21 years.

2.    I obtained an A.B. in Government, *magna cum laude*, from Georgetown University; an M.A. in Political Science from the University of California at Berkeley; and I have completed all course work and comprehensive exams toward my doctoral degree in the Ph.D. program in Political Science at the University of California at Berkeley.

3.    Currently, I am the Director of Product Management for plaintiff Hart Intercivic, Inc. ("Hart").

    a.    I joined Hart in January 2003. From 2003-05 I was a Training Specialist, providing onsite instruction for adult learners (election administrative staff and poll workers) on Hart Voting

System software and hardware, and provided onsite support for election events.

      b.    From 2005-07 I was a Training Specialist Lead, responsible for instructional design, curriculum development and program management of information assets in support of training and implementation.

      c.    In 2007 I became Supervisor, Training Services, managing other training specialists.

      d.    From 2007-09 I was Manager, Professional Services & Compliance, involved in management of project implementations and field services and managing a team of consultants and project managers.

      e.    From 2009-11 I was General Manager, Print Services, managing profit & loss of the Print Services unit, including Hart's Ballot Production Services team.

      f.    From 2011-13 I was Product Manager for Verity, Hart's all new-election technology platform, responsible for all product requirements and management of the product life cycle, including close partnership with the Vice President of Engineering during the new product development process.

      g    From 2013 to the present I have been Director of Product Management, responsible for Hart's product portfolio, including voting systems and third-party electronic poll books (as well as for supervising Hart's Certification Manager, who directly manages federal and state voting system certification efforts). As such, I have become familiar with the Colorado voting system situation and I am competent to testify to the following matters[1] based upon my own personal knowledge.

    4.    [¶38] On December 15, 2015, the Colorado Secretary of State (the "Secretary") issued a notice of proposed rulemaking for January 14, 2016, to consider revisions to various election rules

---

[1] Bracketed references are to numbered paragraphs of the Complaint and Jury Demand.

in 8 CCR 1505-1, including Rule 11.9.2. The latter proposal indicated that, except for voting systems that had been certified by the Secretary on or before December 31, 2014, a political subdivision would only be able to purchase or lease a voting system certified and selected by him on or after December 15, 2015 as the State's uniform voting system.

5.      [¶40] On December 22, 2015, the Secretary announced his decision to select a single uniform voting system, to be provided by Dominion Voting Systems, Inc. ("Dominion") for acquisition by all Colorado counties for use in conducting elections.

6.      [¶45] On January 20, 2016, the Secretary announced that he had moved ahead toward completing the testing and certification of Dominion's system and tentatively negotiated pricing with Dominion on behalf of Colorado counties.

7.      [¶47] On February 9, 2016, the Secretary adopted election rules 11.9 and 21.4 under 8 CCR 1505-1 which were significantly different than the December 15, 2015 proposed rules. The adopted rules eliminated any reference to a uniform voting system, instead adding exclusive and restrictive requirements and considerations.

        a.      Rule 11.9 adds significant technical requirements and optional considerations for approval by the Secretary of the acquisition or use of electronic or electromechanical voting systems by political subdivisions.

        b.      Rule 21.4 adds significant functional requirements for certification by the Secretary of electronic or electromechanical voting systems.

        c.      Rules 11.9 and 21.4, and their technical and functional requirements and optional considerations, are only met by – and appear tailored to the features of – the Dominion system,

                (i)     Which had been selected on December 22, 2015, by the Secretary as the provider of the single, uniform voting system for Colorado, and

(ii)   Do not have any basis in the requirements of HAVA incorporated into the Colorado election code.

8.   [¶48] The collective effect of the February 9, 2016 rules is – without expressly calling for a uniform voting system – to functionally mandate that all Colorado counties adopt a single uniform voting system whose requirements can only be met by Dominion's product. For example:

a.   New rule 11.9.2(b) allows only replacement of damaged, defective or inoperable existing electronic and electromechanical voting systems, components or devices – but neither (i) replacement of undamaged, non-defective or operable existing electronic and electromechanical voting systems, components or devices, nor (ii) upgrades to existing systems, components or devices.

b.   New rule 11.9.3(c) gives favorable consideration to a voting system's utilization of commercial, off-the-shelf hardware components rather than proprietary, purpose-built hardware components. Dominion's system does so across-the-board; the Hart system does so in certain places and not in others, causing it to be less favored.

c.   New rules 11.9.3(d), 11.9.4(c) and 21.4.7(e) effectively require a voting system to enable users to operate or access all election management systems within a single interface on the same server or workstation.

(i)   Dominion's system does; the Hart system does not. The result is to effectively disqualify it.

(ii)   Yet, there is no operational reason for these functions to be on the same high priced server. In fact there are internal control, and single point of failure, reasons why they should not be on the same server.

e.   New rules 11.9.3(g)(2), 11.9.4(b) and 11.9.5 effectively require a voting system to have ballot scanners equipped with automatic document feeders, enabling election judges to scan

multiple ballots rather than a single ballot at a time.

(i)   Dominion's system does so across-the-board; some, but not all, of Hart's scanners do, effectively disqualifying its system.

(ii)   Yet, there is no operational benefit to this requirement.

f.   New rule 21.4.7(e) effectively prohibits a voting system from deploying, separately from a traditional election management system, any data management applications that do not capture or tabulate votes. Dominion's system utilizes integrated applications; the Hart system utilizes separately-deployed applications. New rules 21.4.14(b)-(c) and 21.4.15(b)-(d) impose arbitrary and restrictive formatting requirements in a manner that is highly irregular for administrative rules, particularly in light of the fact that the formatting requirements appear to be tailored exactly to the manner in which Dominion system operates.

9.   [¶49] Later in February 2016, the Secretary and Dominion entered into a contract for Dominion to be the provider of voting systems to Colorado's counties. The contract is for at least six years and may be extended by the Secretary for an additional two years.

10.   Meanwhile:

a.   [¶63.a] In accordance with C.R.S. §1-5-608.5(1), Hart has had its voting system tested by a federally-accredited laboratory and found to be in substantial compliance with all applicable federal and Colorado requirements; and

b.   [¶75] Because it meets federal election standards, under C.R.S. §1-5-601.5 the Hart voting system may be offered for sale in Colorado.

c.   [¶63.b] In accordance with C.R.S. §1-5-617(1)(a), Hart has submitted its voting system to the Secretary for certification.

11.   [¶64] Hart believes that its voting system complies with the statutorily-prescribed

requirements of C.R.S. §1-5-615(1) and the rules establishing minimum standards addressing statutorily-prescribed criteria under C.R.S. §1-5-616(1).

12.   [¶65] Accordingly, under C.R.S. §1-5-617(1)(b) the Secretary is required to examine Hart's system. And, under C.R.S. §1-5-608.5(3)(a), he is required to certify it and approve its purchase, installation and use by political subdivisions if it so complies.

13.   [¶66] The Secretary has done neither.

14.   [¶68] As the result of the above-described actions, the Secretary has:

a.      Discriminated in favor of Colorado-based Dominion by ensuring that it is the only company which can meet the new requirements for operating as a voting system vendor in Colorado.

b.      Discriminated against non-Colorado-based Hart by ensuring it cannot meet the new requirements and therefore is unable to continue operating as a voting system vendor in Colorado.

15.   [¶69] In discriminating against non-Colorado-based Hart by effectively barring it from continuing to provide voting systems in Colorado, the Secretary has prevented Hart from engaging in interstate commerce – to the benefit of Colorado-based Dominion.

16.   [¶70] The Secretary's discriminatory actions are not supported by any objectively-valid justification.

17.   This completes my affidavit in this matter.

Edward Perez

[This space intentionally left blank.]

STATE OF TEXAS           )
                         ) ss.
COUNTY OF TRAVIS         )

Subscribed and sworn to before me this 20th day of May 2016 by EDWARD PEREZ

My commission expires:   4-12-2018

Notary Public

[SEAL]

BARBARA KRAMER
NOTARY PUBLIC-STATE OF TEXAS
COMM. EXP. 04-12-2018
NOTARY ID 124183240

JK00819476.1 /font=8                              7