IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 1:16-cv-1237 - JLK - MJW

**ELECTION SYSTEMS & SOFTWARE, LLC,**
    a Delaware limited liability company; and
**HART INTERCIVIC, INC.,**
    a Texas corporation;
        Plaintiffs,

        v.

**WAYNE W. WILLIAMS,**
    in his official capacity as Colorado Secretary of State.
    Defendant.

_____

### PLAINTIFFS' MOTION FOR LIMITED EXPEDITED DISCOVERY
_____

Plaintiffs Election Systems & Software, LLC ("ES&S"), and Hart InterCivic, Inc. ("Hart"), file this motion under Fed.R.Civ.P. 26(d)(1). They seek leave to serve two early Fed.R.Civ.P. 34 document production requests, to be responded to in 14 days (*see* Ex. 1) and to take one related early Fed.R.Civ.P. 30(b)(6) deposition 7 days thereafter (*see* Ex. 2). As grounds, Plaintiffs state:

### BACKGROUND

1. On May 23, 2016, Plaintiffs filed their Complaint and Jury Demand (ECF #1), and their Motion with Authorities for Temporary Restraining Order and/or Preliminary Injunction (ECF #2) and proposed Order (ECF #3).

2. On May 24, 2016, Plaintiffs' counsel certified that he had on that date provided the foregoing documents to counsel for defendant. (ECF #6).

3. On May 25, 2016, the Court set this case for a preliminary injunction evidentiary hearing July 6, 2016. (ECF #8). Pursuant to D.C.Colo.LCivR 7.1(d), defendant's response brief is due June 14, 2016, and Plaintiffs' reply is due June 28, 2016.

4.      Also on May 25, 2016, Assistant Attorney General Grant T. Sullivan, counsel for Defendant, executed a Waiver and Acceptance of Service, which counsel for Plaintiffs filed with the Court on May 26, 2016 (ECF #11).

## FACTUAL SYNOPSIS

In Colorado, voting systems are acquired by individual counties and are then used by those counties and their municipalities, special districts, school boards, etc., in conducting elections.  Over the years since inception of the use of voting equipment in Colorado, many different vendors have at any one time provided the counties with voting systems.  Historically, non-Colorado entities ES&S and Hart have done just that and do so currently.  Statutorily, each county is free to choose among the competing vendors of voting systems certified and approved by the Colorado Secretary of State (the "Secretary") in order to select the particular voting system which the county, in its sole discretion, deems most appropriate for its individual situation.

In December 2015, however, the Secretary published a proposed amendment to Election Rule 11.9.2(b), 8 CCR 1505-1, indicating he would certify and select a single so-called "uniform voting system" for Colorado. Two days later he announced he had selected Colorado-based Dominion Voting Systems, Inc. ("Dominion"), to be "Colorado's sole voting system provider 'going forward."

In January 2016, the Secretary announced he had negotiated a memorandum of understanding with Dominion.  In early February 2016 he permanently adopted a number of election rules for voting systems tailored in such fashion that only Dominion's system can qualify.  Later in February 2016, the Secretary entered into a contract for Dominion to be "*the* future provider of voting systems for Colorado counties."  (Emphasis added.)

## ARGUMENT

Under Fed.R.Civ.P. 26(d)(1), absent leave of court Plaintiffs are not entitled to seek discovery until after the Fed.R.Civ.P. 26(f) conference of the parties, which has not yet been

scheduled.  "[A] party seeking expedited discovery in advance of a Rule 26(f) conference has the burden of showing good cause" ... which may be satisfied where, as here, the  party is seeking a preliminary injunction.  *Qwest Commc'ns Int'l, Inc. v. WorldQuest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003); *accord Advanced Career Techs., Inc. v. Does 1-10*, 2013 WL 1934005, *1 (D. Colo. Mar. 11, 2013) (good cause); *Pod-Ners, LLC v. N. Feed & Bean of Lucerne, Ltd.*, 204 F.R.D. 675, 676 (D. Colo. 2002) (good cause, preliminary injunction).

In applying the good cause test, a court should consider the scope of the discovery sought. *Qwest*, 213 F.R.D. at 420.  In that regard, the discovery requested here is " 'narrowly tailored,' " *Does 1-10*, 2013 WL 1934005, *1 (quoting *Avaya, Inc. v. Acumen Telecom Corp.*, 2011 WL 9293, at *2 (D.Colo. Jan. 3, 2011)), consisting of two document production requests and one related 30(b)(6) deposition request.  It is " 'particularized.' "  *Qwest*, 213 F.R.D. at 420 (citation omitted).

The context for the requested limited expedited discovery is as follows.  The First Claim of Plaintiffs' complaint is brought under 42 U.S.C. §1983 asserting that defendant has violated the Commerce Clause, which provides "Congress shall have [p]ower ... [t]o regulate Commerce ... among the several States."  U.S. Const., art. I, §8, cl.3.  Although that language only addresses the power of Congress, it has long been recognized as "'also limit[ing] the power of ... States to erect barriers against interstate trade.'"  *Dennis v. Higgins*, 498 U.S. 439, 446 (1991) (citations omitted). It constitutes a "substantive 'restriction on permissible state regulation' of interstate commerce.... a self-executing limitation on the power of the States to enact laws imposing substantial burdens on such commerce."  *Id.* at 447 (citations omitted).

This has come to be known as the Dormant Commerce Clause, under which only Congress is empowered to regulate interstate commerce.  It implicitly " 'denies ... states the power ... to *discriminate* against ... interstate flow of articles of commerce.' "  *Bioganic Safety Brand, Inc. v. Ament*, 174 F. Supp. 2d 1168, 1183 (D. Colo. 2001) (emphasis added) (citing *Oregon Waste Sys. v.*

*Dept. of Envtl. Quality*, 511 U.S. 93, 98 (1994)).  And, it "confers 'rights, privileges, or immunities' within the meaning of §1983." *Higgins*, 498 U.S. at 446.

A state rule may violate the Dormant Commerce Clause by "*discriminat[ing]* against interstate commerce ... *in practical effect*," *Bioganic*, 174 F. Supp. 2d 1183 (emphasis added) (citing *Am. Target Adver., Inc. v. Giani*, 199 F.3d 1241, 1254 (10th Cir. 2000)), such as by "*discriminat[ing] in favor of in-state economic interests*." *Id.* at 1183-84 (emphasis added).  That is precisely what the First claim alleges.

As the Tenth Circuit has stated, "a statute that clearly discriminates against interstate commerce in favor of intrastate commerce is virtually invalid per se and *can survive only if the discrimination is demonstrably justified by a valid factor unrelated to economic protectionism*." *KT.& G Corp. v. Att'y Gen. of Okla.*, 535 F.3d 1114, 1143 (2008) (emphasis added).  The Secretary undoubtedly will defend against the requested preliminary injunction at the July 6, 2016 hearing by urging that his actions are justified by some valid reason not relating to protecting Dominion's Colorado interests.

The limited, expedited discovery requested is essential in order to refute any such purported justification.  As such, the information sought is "reasonably tailored to the specific issues to be addressed at the preliminary injunction hearing ...." *Qwest*, 213 F.R.D. at 420 (citation omitted).  It is " 'necessary to support expedited or preliminary relief.' " *Does 1-10*, 2013 WL 1934005, *1 (quoting *Avaya*, 2011 WL 9293, at *2).

## CONCLUSION

The document production request allows two weeks to respond to two requests.  The related deposition on those topics is scheduled for a week later, before Plaintiffs' reply brief is due.  The information thus obtained can then be presented at the July 6, 2016 hearing. Plaintiffs' request for

limited expedited discovery should be granted.

## D.C. COLO.LCivR 7.1(A) CERTIFICATION

Plaintiff's undersigned counsel has attempted to confer with counsel for the Secretary but has been unable to reach him.

Dated:  May 27, 2016.

JONES & KELLER, P.C.
  *S/ T.P. McMahon*
Thomas P. McMahon
tmcmahon@joneskeller.com
Aaron D. Goldhamer
agoldhamer@joneskeller.com
1999 Broadway, Ste. 3150
Denver, CO 80202
Tel. (303) 573-1600
Fax  (303) 573-8133
Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on May 27, 2016, I

1.       Filed a true and correct copy of the foregoing "**PLAINTIFFS' MOTION FOR LIMITED EXPEDITED DISCOVERY**" – and the attached "**PLAINTIFFS' FIRST DOCUMENT PRODUCTION REQUEST TO DEFENDANT**" and "**PLAINTIFFS' NOTICE OF FED. R. CIV. P. 30(b)(6) DEPOSITION OF DEFENDANT COLORADO SECRETARY OF STATE**" – with the Clerk of Court using the CM/ECF system; and

2.       Served the same via U.S. mail, first-class postage prepaid, addressed to

> Wayne W. Williams
> Colorado Secretary of State
> Colorado Department of Sate
> 1700 Broadway, #200
> Denver, CO 80290

and

> Grant T. Sullivan
> Assistant Attorney General
> Public Official Unit
> State Services Section
> Colorado Attorney General's Office
> 1300 Broadway, 7th Flr.
> Denver, CO 80203

with a courtesy e-mail addressed to

> Grant T. Sullivan
> Grant.Sullivan@coag.gov

*s/Tammy Harris*
Tammy Harris