IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:16-cv-1237-JLK

**ELECTION SYSTEMS & SOFTWARE, LLC**, a Delaware limited liability company; and **HART INTERCIVIC, INC.**, a Texas corporation,

    Plaintiffs,

v.

**WAYNE W. WILLIAMS**, in his official capacity as Colorado Secretary of State,

    Defendant.

## SECRETARY'S MOTION FOR RECIPROCAL LIMITED EXPEDITED DISCOVERY

Wayne W. Williams, in his official capacity as the Colorado Secretary of State ("the Secretary"), submits this Motion for Reciprocal Limited Expedited Discovery under Fed. R. Civ. P. 26(d)(1), requesting leave to serve two requests for production on the Plaintiffs and take one Fed. R. Civ. P. 30(b)(6) deposition of each Plaintiff before the July 27, 2016 preliminary injunction hearing.

### D.C. COLO.LCivR 7.1(A) CERTIFICATION OF CONFERRAL

As required by D.C. COLO.LCivR 7.1(a) and this Court's standing orders, the Secretary's counsel conferred with Plaintiffs' counsel regarding

1

the relief requested by this motion on Friday June 17, 2016, by telephone and email. Counsel for Plaintiffs indicated that he needed until Monday, June 20, 2016, to obtain his clients' position on the relief requested by this motion, so the Secretary's counsel agreed to delay filing until that date.

This afternoon, counsel for Plaintiffs telephoned undersigned counsel to inform her that he had been unable to ascertain his clients' position on this motion, which he understood she would be filing today. As of the time this motion was filed, counsel for Plaintiffs had not yet confirmed his clients' position on the relief requested by same.

## FACTUAL BACKGROUND

Plaintiffs filed their Complaint on May 23, 2016. Compl. [Doc. 1]. In it, they allege that the Secretary improperly promulgated new election rules by intentionally drafting them in a way that ensures only one company, Dominion Voting Systems, can qualify as a voting system vendor. *Id.* ¶ 47(c). They allege that these "rules are intended to and have the collective effect of—without expressly calling for a uniform voting system—functionally mandating that all Colorado counties adopt a single uniform voting system whose requirements can only be met by Dominion's product." *Id.* ¶ 48.

Plaintiffs filed a motion for a preliminary injunction and later asked the Court for permission to seek expedited discovery from the Secretary in

advance of the preliminary injunction hearing.  [Doc 11].  The Court granted the discovery motion, finding that good cause existed to permit the Plaintiffs to serve two discovery requests and take one deposition.  [Doc. 14].  Plaintiffs now move the Court for permission to serve the requests for production attached to this motion as Exhibit A and for leave to take one Rule 30(b)96) deposition prior to the July 27, 2016 preliminary injunction hearing.

## ARGUMENT

The Court should allow the Secretary to seek reciprocal, limited expedited discovery of documents detailing Plaintiffs' ability and efforts to comply with the new election rules.  Under Rule 26, "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except … when authorized by … court order."  Fed. R. Civ. P. 26(d)(1).  The party seeking discovery has the burden of showing that good cause exists for the Court to issue the order.  *Qwest Comm'ns Int'l, Inc. v. WorldQuest Networks, Inc.*, 213 F.R.D. 418, 19 (D. Colo. 2003) (citations omitted).  "Good cause frequently exists in cases involving … unfair competition.  In addition, expedited discovery may be appropriate in cases where the plaintiff seeks a preliminary injunction."  *Pod-Ners, LLC v. Northern Feed & Bean*, 204 F.R.D. 675, 676 (D. Colo. 2002) (citation omitted).

In this case, Plaintiffs—two out-of-state voting systems vendors—allege that the Secretary's new election rules effectively bar them from selling their voting systems to any of Colorado's 64 counties. [Doc. 11], at 4. This result, they contend, violates the dormant Commerce Clause by improperly discriminating against out-of-state economic interests. *Id.* On the basis of this claim, Plaintiffs obtained limited early discovery on whether the Secretary could put forward "a valid factor unrelated to economic protectionism" that would justify the allegedly discriminatory effect of the new election rules. *Id.* (quoting *KT & G Corp. v. Att'y Gen. of Okla.*, 535 F.3d 1114, 1143 (10th Cir. 2008)). They argued that this discovery "is essential" to justify their demand for a preliminary injunction. *Id.*

In the same vein, the Secretary now asks the Court to permit him to take limited discovery on whether, in fact, Plaintiffs "cannot meet" the new voting systems certification standards as alleged in their Complaint. Compl. [Doc. 1] ¶¶ 48, 68(b), 82(c). If the Secretary can prove that Plaintiffs have refused to tailor their voting systems to the new standards based on deliberate business decisions and *not* due to a technical inability to meet the standards, that will undermine Plaintiffs' claim that the standards are "exclusive and restrictive." Compl. ¶ 47.

4

Indeed, the Supreme Court has recognized that businesses are often subject to cost-increasing regulations by states in which they do business and that such costs do not run afoul of the dormant Commerce Clause. *See Am. Trucking Ass'n, Inc. v. Mich. Pub. Serv. Comm'n*, 545 U.S. 429, 438 (2005) (concluding that businesses operating in multiple states expect to pay local fees in each of those states); *see also Aldens, Inc. v. Ryan*, 571 F.2d 1159, 1161 (10th Cir. 1978) (concluding that retailer's $160,500 annual cost to comply with Oklahoma statute limiting interest rates on consumer credit balances was not an unreasonable burden); *cf. W. Live Stock v. Bureau of Revenue*, 303 U.S. 250, 254 (1938) (Commerce Clause does not "relieve those engaged in interstate commerce from their just share of state tax burden even though it increases the cost of doing business"). Limited discovery is therefore essential to the Secretary's defense.

Moreover, this kind of routine, reciprocal discovery is both reasonable and narrowly tailored to ensure that both parties have the opportunity to meaningfully participate at the preliminary injunction hearing. *See Wheeler v. HXI, LLC*, No. 10-cv-145, 2010 U.S. Dist. LEXIS 90328, at *7 (D. N.H. July 28, 2010) (granting the defendant's request for reciprocal discovery).

## CONCLUSION

For the reasons given above, the Court should grant the motion and permit the Secretary to serve the two discovery requests attached as Exhibit A and to take one Rule 30(b)(6) deposition of each Plaintiff prior to the preliminary injunction hearing, currently set for July 27, 2016.

Respectfully submitted this 20th day of June, 2016.

                                            CYNTHIA H. COFFMAN
                                            Colorado Attorney General


                                            *s/ LeeAnn Morrill*
                                            LEEANN MORRILL, No. 38742*
                                            First Assistant Attorney General
                                            GRANT T. SULLIVAN, No. 40151*
                                            Assistant Solicitor General
                                            CHRISTOPHER JACKSON, No. 49202*
                                            Assistant Attorney General
                                            *Counsel of Record
                                            *Counsel for the Secretary*


                                            Public Officials Unit
                                            State Services Section
                                            1300 Broadway, 6th Floor
                                            Denver, CO 80203
                                            Phone:  (720) 508-6000
                                            Fax:  (720) 508-6041
                                            Email:  leeann.morrill@coag.gov
                                                                grant.sullivan@coag.gov
                                                                 christopher.jackson@coag.gov

## **CERTIFICATE OF SERVICE**

  I hereby certify that on June 20, 2016, I served a true and complete copy of the **SECRETARY'S MOTION FOR RECIPROCAL LIMITED EXPEDITED DISCOVERY** upon all parties through ECF-file and serve or as indicated below:

 Thomas P. McMahon
 Aaron D. Goldhamer
 Jones & Keller P.C.
 1999 Broadway, Ste. 3150
 Denver, CO 80202
 tmcmahon@joneskeller.com
 agoldhamer@joneskeller.com
 *Attorneys for Plaintiffs*

             *s/ LeeAnn Morrill*