IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:16-cv-1237-JLK

**ELECTION SYSTEMS & SOFTWARE, LLC**, a Delaware limited liability company; and **HART INTERCIVIC, INC.**, a Texas corporation,

    Plaintiffs,

v.

**WAYNE W. WILLIAMS**, in his official capacity as Colorado Secretary of State,

    Defendant.

### SECRETARY'S MOTION FOR ENTRY OF PROTECTIVE ORDER

Wayne W. Williams, in his official capacity as the Colorado Secretary of State ("the Secretary"), submits this Motion for Entry of Protective Order under Fed. R. Civ. P. 26(c).

### STATEMENT OF CONFERRAL

The Secretary's counsel conferred with Plaintiffs' counsel and counsel for third party Dominion Voting Systems ("Dominion"). The parties have agreed to all but one provision of the protective order, discussed in greater detail below.

1

The parties have also agreed that Plaintiffs will submit their response to this motion today, at which point the motion will be fully briefed in anticipation of the Secretary's July 1, 2016 production.

## ARGUMENT

Under the Federal Rules of Civil Procedure, this Court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including … requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way …." Fed. R. Civ. P. 26(c)(1)(G).  In this case, the parties will produce information regarding the design and specifications of Election Systems & Software's, Hart InterCivic's, Dominion's, and the Colorado counties' election equipment, software, and services.  The Plaintiffs, the Secretary, and Dominion agree that they would be substantially harmed if such information were publicly disclosed.  The Plaintiffs and Dominion are in direct competition with one another, and both have a vested interest in preserving the confidentiality of their products and services to protect against competitive harm.  For that reason, the Secretary asks the Court to enter the proposed protective order, attached as Exhibit A.

As noted above, the parties have agreed to all but one provision of the proposed order.  Specifically, Paragraph 4 lists the individuals who are

permitted to view material that has been designated "Attorneys' Eyes Only." The Plaintiffs wish to include the following provision, which both the Secretary and Dominion object to:

> 4(b). One technical adviser for each party, who may be affiliated with that party, provided that such person (i) is designated in advance and notice of that designation is provided to all other parties; and (ii) does not disclose Confidential Information to any other person affiliated with any party, whether directly or indirectly.

But an "Attorneys' Eyes Only" designation is intended to prevent business competitors from viewing each other's trade secrets and other confidential business information. *See A Maj. Difference, Inc. v. Wellspring Prods., LLC*, 243 F.R.D. 415, 417-18 (D. Colo. 2006) (the proposed order properly "protects Wellspring's as well as plaintiff's trade secret, proprietary, and other confidential or sensitive business information from disclosure *to any representative of a direct competitor*") (emphasis added). Permitting the Plaintiffs to designate a person within each company as a "technical adviser" and give that person access to such highly confidential material would run precisely the risk a protective order is designed to prevent. Moreover, Plaintiffs may retain attorneys, experts, and consultants, who are all permitted to view "Attorneys' Eyes Only" material under Paragraph 4(c) of

3

the proposed order.  In short, Plaintiffs cannot establish good cause to include this "technical adviser" exception.

For these reasons, the Secretary moves that the Court enter the proposed protective order attached as Exhibit A, without any modification.

DATE: June 28, 2016

<div style="margin-left: 40%;">

CYNTHIA H. COFFMAN
Colorado Attorney General


 */s/ Christopher M. Jackson*
LEEANN MORRILL, No. 38742*
First Assistant Attorney General
GRANT T. SULLIVAN, No. 40151*
Assistant Solicitor General
CHRISTOPHER JACKSON, No. 49202*
Assistant Attorney General
*Counsel of Record
*Counsel for the Secretary*

Public Officials Unit
State Services Section
1300 Broadway, 6th Floor
Denver, CO 80203
Phone:  (720) 508-6000
Fax:  (720) 508-6041
Email:  leeann.morrill@coag.gov
         grant.sullivan@coag.gov
         christopher.jackson@coag.gov

</div>

4

## CERTIFICATE OF SERVICE

  I hereby certify that on June 28, 2016, I served a true and complete copy of the Secretary's Motion for Entry of a Protective Order upon all parties through ECF-file as indicated below:

Thomas P. McMahon
Aaron D. Goldhamer
Jones & Keller P.C.
1999 Broadway, Ste. 3150
Denver, CO 80202
tmcmahon@joneskeller.com
agoldhamer@joneskeller.com
*Attorneys for Plaintiffs*

               */s/ Christopher M. Jackson*

5