IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:16-cv-1237-JLK

ELECTION SYSTEMS & SOFTWARE, LLC, a Delaware limited liability
company; and HART INTERCIVIC, INC., a Texas corporation,

     Plaintiffs,

v.

WAYNE W. WILLIAMS, in his official capacity as Colorado Secretary of
State,

     Defendant.

## PROPOSED PROTECTIVE ORDER

     Each party and each counsel of record stipulate and move the Court for

a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil

Procedure concerning the treatment of Confidential Information (as

hereinafter defined), and, as grounds therefor, state as follows:

1. In this action, at least one of the parties has sought or is seeking

   Confidential Information (as defined in paragraph 2 below).  The

   parties also anticipate seeking additional Confidential Information

   during discovery and that there will be questioning concerning

   Confidential Information in the course of depositions. The parties

   assert the disclosure of such information outside the scope of this

litigation could result in significant injury to one or more of the parties' business or privacy interests. The parties have entered into this Stipulation and request the Court enter the within Protective Order for the purpose of preventing the disclosure and use of Confidential Information except as set forth herein.

2. "Confidential Information" means any document, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom—not made available to the public—and designated by one of the Parties in the manner provided in paragraph 3 below as containing materials relating to the design and specifications of Election Systems & Software's, Hart InterCivic's, Dominion Voting Systems', and the Colorado counties' election equipment, software, and services.  These materials constitute trade secrets as well as confidential research, development, and commercial information.

3. Where Confidential Information is produced, provided or otherwise disclosed by a party, it will be designated as "Confidential" or "Attorneys' Eyes Only" in the following manner:

2

a. By imprinting the word "Confidential" or "Attorneys' Eyes Only" on the first page or cover of any document produced;

b. By imprinting the word "Confidential" or "Attorneys' Eyes Only" next to or above any response to a discovery request; and

c. With respect to transcribed testimony, by giving written notice to opposing counsel designating such portions as "Confidential" or "Attorneys' Eyes Only" no later than ten calendar days after receipt of the transcribed testimony.

4. Confidential Information designated "Attorneys' Eyes Only" shall not, without further order by the Court, be disclosed, either verbally or in writing, to any person, entity, or government agency, except that such information may be disclosed to:

a. Attorneys actively working on this case, and one in-house attorney or one outside counsel for each party, provided that such person (i) is designated in advance and notice of that designation is provided to all other parties; and (ii) does not disclose Confidential Information to any other person affiliated with any party, whether directly or indirectly;

b.  Persons regularly employed by or associated with the attorneys actively working on the case whose assistance is required in the preparation for trial, at trial, or at other proceedings in this case;

c.  Expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial, or other proceedings in this case;

d.  The Secretary and his employees;

e.  The Court and its employees;

f.  Stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action; and

g.  Other persons by written agreement of the parties.

5.  Confidential Information designated "Confidential" shall not, without further order by the Court, be disclosed, either verbally or in writing, to any person, entity, or government agency, except that such information may be disclosed to:

a.  Any of the individuals listed in Paragraph 4.

b.  The parties to this litigation.

6. All Confidential Information provided by a party in response to a discovery request or transcribed testimony shall be subject to the following restrictions:

    a. It shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever;

    b. It shall not be communicated or disclosed by any party's counsel to anyone other than those individuals permitted to view such information under this Order in any manner, either directly or indirectly.   If Confidential Information is disclosed to an individual who qualifies as an expert witness or consultant under Paragraph 4(c), a stenographic reporter under Paragraph 4(f), or another person by written agreement of the parties under Paragraph 4(g), such person must sign an affidavit in the form of Exhibit A.

7. Individuals authorized to review Confidential Information pursuant to this Protective Order shall hold Confidential Information in confidence and shall not divulge the Confidential Information, either verbally or in writing, to any other person, entity, or government agency unless authorized to do so by court order, including this protective order.

8. The party's counsel who discloses Confidential Information shall be responsible for assuring compliance with the terms of this Protective Order with respect to persons to whom such Confidential Information is disclosed and shall obtain and retain the original affidavits signed by qualified recipients of Confidential Information, and shall maintain a list of all persons to whom any Confidential Information is disclosed.

9. During the pendency of this action, opposing counsel may upon court order or agreement of the parties inspect the list maintained by counsel pursuant to paragraph 8 above upon a showing of substantial need in order to establish the source of an unauthorized disclosure of Confidential Information and that opposing counsel are unable otherwise to identify the source of the disclosure. If counsel disagrees with opposing counsel's showing of substantial need, then counsel may seek a court order requiring inspection under terms and conditions deemed appropriate by the Court.

10. No copies of Confidential Information shall be made except by or on behalf of counsel in this litigation and such copies shall be made and used solely for purposes of this litigation.

11.     During the pendency of this litigation, counsel shall retain
custody of Confidential Information, and copies made therefrom
pursuant to paragraph 10 above.

12.     If opposing counsel objects to the designation of certain
information as Confidential Information, he or she shall promptly
inform the other parties' counsel in writing of the specific grounds of
objection to the designation. All counsel shall then, in good faith and on
an informal basis, attempt to resolve such dispute. If after such good
faith attempt, all counsel are unable to resolve their dispute, opposing
counsel may move for a disclosure order consistent with this order. Any
motion for disclosure shall be filed within 14 days of receipt by counsel
of notice of opposing counsel's objection, and the information shall
continue to have Confidential Information status from the time it is
produced until the ruling by the Court on the motion.

13.     In the event Confidential Information is used in any court filing
or proceeding in this action, including but not limited to its use at trial,
it shall not lose its confidential status as between the parties through
such use. Confidential Information and pleadings or briefs quoting or
discussing Confidential Information will not be accepted for filing

7

"under seal" or otherwise kept out of the public record in this action,

however, except by court order issued upon motion of the party seeking

to file the documents under seal.  Any motion requesting leave to file

documents under seal shall comply with the requirements of

D.C.COLO.LCivR 7.2 and demonstrate that the Confidential

Information at issue is entitled to protection under the standards

articulated in *Nixon v. Warner Communications, Inc.*, 435 U.S. 589,

598-602 (1978) (applied in *United States v. Hickey*, 767 F.2d 705, 708

(10th Cir. 1985) and *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458,

461 (10th Cir. 1980)).

14.     The termination of this action shall not relieve counsel or other

persons obligated hereunder from their responsibility to maintain the

confidentiality of Confidential Information pursuant to this Protective

Order, and the Court shall retain continuing jurisdiction to enforce the

terms of this Protective Order.

15.     By agreeing to the entry of this Protective Order, the Parties

adopt no position as to the authenticity or admissibility of documents

produced subject to it.

16.      Upon termination of this litigation, including any appeals, each

party's counsel shall immediately return to the producing party all

Confidential Information provided subject to this Protective Order, and

all extracts, abstracts, charts, summaries, notes, or copies made

therefrom.  At that time, counsel shall also file under seal with this

Court the list of individuals who have received Confidential

Information which counsel shall have maintained pursuant to

paragraph 8 herein, and counsel shall provide the Court with

verification that any of counsel's work product referencing Confidential

Information has been destroyed.

17.      Nothing in this Protective Order shall preclude any party from

filing a motion seeking further or different protection from the Court

under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing

a motion with respect to the manner in which Confidential Information

shall be treated at trial.


DATE: _____          BY THE COURT:


                                _____
                                John L. Kane, Senior Judge
                                United States District Court

9

# EXHIBIT A

## **AFFIDAVIT**

STATE OF COLORADO     )
                            )     ss.

COUNTY OF _____  )

_____ swears or affirms and states under penalty of perjury:

1. I have read the Protective Order in *Election Systems & Software, LLC v. Williams*, No. 16-cv-1237 (D. Colo.), a copy of which is attached to this Affidavit.

2. I have been informed by _____, Esq., counsel for _____, that the materials described in the list attached to this Affidavit are Confidential Information as defined in the Protective Order.

3. I promise that I have not and will not divulge, or undertake to divulge to any person or recording device any Confidential Information shown or told to me except as authorized in the Protective Order. I will not use the Confidential Information for any purpose other than this litigation.

4. For the purposes of enforcing the terms of the Protective Order, I hereby submit myself to the jurisdiction of the court in the civil action referenced above. 5.  I will abide by the terms of the Protective Order.

_____
(Signature)

_____
(Print or type name)

Address:

_____

_____

Telephone:

_____

SUBSCRIBED AND SWORN to me before this _____ day of _____ 2016, by _____.

WITNESS my hand and official seal.

_____
Notary Public

My Commission expires: _____