IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 1:16-cv-1237 - JLK

**ELECTION SYSTEMS & SOFTWARE, LLC,**
    a Delaware limited liability company; and
**HART INTERCIVIC, INC.,**
    a Texas corporation;
        Plaintiffs,

        v.

**WAYNE W. WILLIAMS,**
    in his official capacity as Colorado Secretary of State.
        Defendant.

_____

**PLAINTIFFS' MOTION TO MODIFY ONE CRITICAL ASPECT
OF DEFENDANT'S PROPOSED PROTECTIVE ORDER**
_____

Plaintiffs Election Systems & Software, LLC ("ES&S"), and Hart InterCivic, Inc. ("Hart"), move as follows to modify a single aspect of the Proposed Protective Order sought by the Defendant, Colorado Secretary of State Wayne W. Williams (the "Secretary"). The point in dispute concerns the persons to be allowed access to Confidential Information marked "Attorneys' Eyes Only." ES&S and Hart seek to include in that group one "technical advisor" each in order to provide interpretation and advice to counsel. The advisors would be prohibited from disclosing any such information to anyone else in their organization.

## BACKGROUND

This litigation arises out of the Secretary's selection of Dominion Voting Systems, Inc. ("Dominion"), as the provider of a single statewide uniform voting system for Colorado counties. Pursuant to this Court's June 6, 2016 Order (ECF #18), Defendant is obligated to

produce documents by July 1, 2016 in response to Plaintiffs' two document production requests  (*see id.* at 1 ¶A).  Defense counsel has indicated the production will consist of approximately 3,500 documents.  Certain of them are expected to contain information relating to the design and specifications of Dominion's election equipment, software, and services which may constitute trade secrets as well as confidential research, development, and commercial information.  Accordingly, the Secretary has sought a Protective Order, ¶4 of which addresses to whom Confidential Information designated as "Attorneys' Eyes Only" may be disclosed.

## ARGUMENT

Also pursuant to this Court's June 6 Order, the Secretary is obligated to provide one or more Rule 30(b)(6) deponents by July 8, 2016 ((ECF #18 at 1 ¶B).  In preparing for that deposition, Plaintiffs' counsel will have just 7 days, including the 3-day 4th of July weekend, to go through the 3,500 documents Defendant will produce on July 1.  In doing so, counsel requires the assistance of a technical person each from ES&S and Hart who will have access to "Attorneys' Eyes Only" items in order to provide him with technical interpretation and advice.  (Counsel will also need such assistance in conducting the litigation as it proceeds.)

Consequently, Plaintiffs sought to include in the Proposed Protective Order the following provision that "Attorneys' Eyes Only" information could be disclosed to

> One technical advisor for each party, who may be affiliated with that party, provided that such person (i) is designated in advance and notice of that designation is provided to all other parties; and (ii) does not disclose Confidential Information to any other person affiliated with any party, whether directly or indirectly.

After consulting with Dominion, which objected to inclusion of the provision, Defendant

removed it from the proposed Order. That is particularly problematic because, under the Order submitted, defense counsel will have access to unlimited technical advisors. Paragraph 4.d provides that "Attorneys' Eyes Only" information may be disclosed to "The Secretary and his employees." The imbalance is inequitable and unfair.

Not mentioning Dominion's objection, Defendant's proffered rationale for excluding the technical advisor provision is that "Attorneys' Eyes Only" designations are intended to prevent business competitors from viewing each other's trade secrets and confidential business information. For that proposition it cites *A Major Difference, Inc. v. Wellspring Prods., LLC*, 243 F.R.D. 415, 417-18 (D. Colo. 2006). But that case didn't involve a request, much less the need, for technical advisor assistance, so it is hardly instructive.

Defendant goes on to assert that allowing ES&S and Hart to designate one person each to have access to Attorneys' Eyes Only material would raise the very risk a protective order is designed to avoid. But that argument has two flaws. First, ¶4.a of the proposed order already expressly provides for disclosure of such information to an employee (in-house counsel) of a party such as ES&S and Hart, but with the restriction that such person "not disclose [the information] to any other person affiliated with [that or] any [other] party, whether directly or indirectly." Second, the excluded provision contains the very same restriction. Thus, the risk is obviated.

Accordingly, ES&S and Hart request this Court order that: (1) they each be allowed to designate one such in-house technical advisor who would have access to "Attorneys' Eyes Only" information in order to provide Plaintiffs' counsel with technical interpretation and advice; (2) which advisors would be prohibited from disclosing any such information to

anyone else in their respective organizations

That is the approach followed in <u>L-3 Commc'ns Corp. v. Jaxon Eng'g & Maint., Inc.</u>, 863 F. Supp. 2d 1066, 1074 (D. Colo. 2012).  There, "the parties agreed that each side would appoint one 'Technical Advisor' that would be granted access to certain material for the purpose of providing interpretation and advice to counsel." *Id.* at 1074.  However, the Defendants objected to allowing the Technical Advisors to have access to attorneys' eyes only information, and to the plaintiff's designation of a current employee as its Advisor.  Magistrate Judge Tafoya, to whom the matter was referred, ruled that the plaintiff could designate a current employee as its Technical Advisor and that he would be allowed access to attorneys' eyes only material limited to a particular time frame.  *Id.*

The ruling was upheld by now-Chief Judge Krieger, reasoning that the employee-Advisor had expertise in his field, had knowledge of the facts of the case and was essential to the plaintiff's ability to prove its case.  *Id.* at 1091-92.  In the current situation, the proposed technical advisors would be Steven Pearson from ES&S and Edward Perez from Hart.  They have experience and expertise with respect to voting systems, knowledge of the facts of the particular situation here and are critical to Plaintiffs' ability to prove this case.

**Steven Pearson (ES&S)**.  Mr. Pearson has been Vice-President of Voting Systems Certification for ES&S since 2004.  As such, he familiar with the voting system situation in Colorado both historically and currently, and he has personal knowledge of numerous factual matters set forth in the complaint and in the motion for preliminary injunction.  He is also knowledgeable regarding pertinent provisions of the Colorado election code relating to

voting systems and the Secretary's actions leading to the adoption of new voting system rules, both of which lie at the heart of this case. Critically, Mr. Pearson's industry experience and expertise provide him insight into the effect the new voting system rules would have on ES&S and the resulting effect of making Dominion the sole provider of a single, statewide uniform voting system for Colorado's counties. *See* Ex. 3 [ECF #2-3] at ¶¶2-15 to Plaintiffs' Motion with Authorities for Temporary Restraining Order And/Or Preliminary Injunction [ECF #2]. Mr. Pearson's ability to have access to Attorneys' Eyes Only information in order to be able to provide technical interpretation and advice to counsel is critical to the ability of ES&S to prove its case here.

**Edward Perez (Hart)**. Mr. Perez is the Director of Product Management for Hart, where he has been employed since 2003. As such, he familiar with the voting system situation in Colorado both historically and currently, and he has personal knowledge of numerous factual matters set forth in the complaint and in the motion for preliminary injunction. He is also knowledgeable regarding pertinent provisions of the Colorado election code relating to voting systems and the Secretary's actions leading to the adoption of new voting system rules, both of which lie at the heart of this case. Critically, Mr. Perez's industry experience and expertise provide him insight into the effect the new voting system rules would have on Hart and the resulting effect of making Dominion the sole provider of a single, statewide uniform voting system for Colorado's counties. *See* Ex. 4 [ECF #2-4] at ¶¶3-16 to Plaintiffs' Motion with Authorities for Temporary Restraining Order And/Or Preliminary Injunction [ECF #2]. Mr. Perez's ability to have access to Attorneys' Eyes Only

information in order to be able to provide technical interpretation and advice to counsel is critical to the ability of Hart to prove its case here.

## CONCLUSION

Plaintiffs ES&S and Hart respectfully request that this Court add the excluded technical advisor provision that "Attorneys' Eyes Only" information may be disclosed to

> One technical advisor for each party, who may be affiliated with that party, provided that such person (i) is designated in advance and notice of that designation is provided to all other parties; and (ii) does not disclose Confidential Information to any other person affiliated with any party, whether directly or indirectly.

This will enable Plaintiffs' counsel to obtain technical interpretation and advice essential to proving the case.

Dated:  June 28, 2016.

JONES & KELLER, P.C.
 *S/ T.P. McMahon*
Thomas P. McMahon
tmcmahon@joneskeller.com
Aaron D. Goldhamer
agoldhamer@joneskeller.com
1999 Broadway, Ste. 3150
Denver, CO 80202
Tel. (303) 573-1600
Fax  (303) 573-8133
Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on June 28, 2016, I filed a true and correct copy of the foregoing "PLAINTIFFS' OBJECTION TO ONE CRITICAL ASPECT OF DEFENDANT'S PROPOSED PROTECTIVE ORDER" with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

LeeAnn Morrill
LeeAnn.Morrill@coag.gov

Grant T. Sullivan
Grant.Sullivan@coag.gov

Christopher Jackson
Christopher.Jackson@coag.gov

*S/ Tammy Harris*
Tammy Harris