**EXHIBIT 1**

09CA2288 Crow v. Penrose-St Francis 08-12-2010

COLORADO COURT OF APPEALS

Court of Appeals No. 09CA2288
El Paso County District Court No. 08CV5607
Honorable Timothy J. Simmons, Judge

Jimmie R. Crow, M.D.,

Plaintiff-Appellant,

v.

Penrose-St. Francis Healthcare System, d/b/a Penrose-St. Francis Health Services,

Defendant-Appellee.

ORDER VACATED AND CASE
REMANDED WITH DIRECTIONS

Division III
Opinion by JUDGE ROY
Román and Booras, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(f)**
Announced August 12, 2010

Jones & Keller, P.C., Thomas P. McMahon, Denver, Colorado, for Plaintiff-Appellant

Kutak Rock LLP, Blair Kanis, Mark L. Sabey, Denver, Colorado, for Defendant-Appellee

Jimmie R. Crow, M.D. (the physician), appeals the order dismissing his amended complaint against the Penrose-St. Francis Healthcare System (the hospital) pursuant to C.R.C.P. 12(b)(1) (lack of subject matter jurisdiction) because his C.R.C.P. 106(a)(4) action appealing the final action of the hospital has not been resolved. We vacate the trial court's order and remand for further proceedings.

## I. Background

In 2004, the physician performed surgery on a patient who passed away shortly thereafter. The hospital initiated a peer review proceeding and summarily suspended the physician's privileges, pending the outcome of the review. Prior to the completion of the peer review proceedings, the physician commenced an action alleging breach of contract, negligence, and tortious interference with prospective business relations. The hospital filed a motion to dismiss for failure to exhaust administrative remedies, which the trial court denied. The hospital then brought an original proceeding in our supreme court pursuant to C.A.R. 21, which resulted in the matter being remanded to the trial court with orders to dismiss the physician's complaint. *Crow v. Penrose-St. Francis Healthcare Sys.*, 169 P.3d 158, 165 (Colo. 2007)(*Crow I*).

1

Following the final decision of the hospital's board of directors, the physician then commenced an appeal pursuant to C.R.C.P. 106(a)(4) in the district court and, shortly thereafter, filed an amended complaint in the original action alleging breach of an implied contract. The two cases were assigned to different divisions of the trial court.

The hospital again filed a motion to dismiss pursuant to C.R.C.P. 12(b)(1) (lack of jurisdiction), alleging that this action is not ripe because the physician was required to complete, and prevail in, the C.R.C.P. 106(a)(4) appeal prior to bringing this claim. The trial court granted the motion without comment.[1] We reverse and remand with orders to reinstate the complaint.

## II. Exhaustion of Remedies

On appeal, the physician asserts that the trial court erred in dismissing his claim for breach of an implied contract as there is no requirement that he exhaust the judicial review of the peer review proceedings under C.R.C.P. 106(a)(4). We agree.

---

[1] From our review of the electronic records, the administrative appeal remains pending in the trial court.

2

Our review of a trial court's legal conclusions on a motion to dismiss under C.R.C.P. 12(b)(1) is de novo. *Colorado Ins. Guar. Ass'n v. Menor,* 166 P.3d 205, 209 (Colo. App. 2007).

The issue here is ripeness, which is a doctrine recognizing that courts will not consider uncertain or contingent future matters because the injury may never occur. Thus, in order for an issue to be ripe, the issue must be real, immediate, and fit for adjudication. *DiCocco v. National General Ins. Co.,* 140 P.3d 314, 316 (Colo. App. 2006).

This issue was presumably resolved in *Crow I.* There, the physician commenced an action alleging common law claims, including breach of contract, well prior to the final action of the hospital board. Our supreme court reviewed the Colorado Professional Review Act (CPRA), sections 12-36.5-101 to -203, C.R.S. 2009, in some detail and concluded that the common law claims were not ripe until the final action of the hospital board of directors, absent the commencement of proceedings before the Committee on Anticompetitive Conduct.[2]  *See Lee v. Banner Health,*

---

[2] Our supreme court concluded that "Crow cannot bring his common law claims arising out of the [peer review] process in court

3

214 P.3d 589 (Colo. App. 2009); *Peper v. St. Mary's Hospital & Medical Center*, 207 P.3d 881, 886 (Colo. App. 2008).

The hospital urges us to rely on *Franco v. District Court*, 641 P.2d 922 (Colo. 1982), and *Brooke v. Restaurant Services, Inc.*, 906 P.2d 66 (Colo. 1995), to reach a contrary conclusion. These cases preceded *Crow I* and are distinguishable; to the extent, if any, they differ from *Crow I* in this context, *Crow I* implicitly overruled them. In addition, *Crow I* is the law of the case. *Super Valu Stores, Inc. v. District Court*, 906 P.2d 72, 78-79 (Colo. 1995); *Hardesty v. Pino*, 222 P.3d 336 (Colo. App. 2009).

The hospital's argument is not without its infirmities. *See* Health Quality Improvement Act of 1986, 42 U.S.C. §§ 11101-11152; CPRA, §§ 12-36.5-101 to -203; *Crow I*, 169 P.3d at 169 (common law claims premature prior to final order of hospital board); *North Colorado Medical Center, Inc. v. Nicholas*, 27 P.3d 828, 840-41 (Colo. 2001) (common law claims brought after favorable action before Committee on Anti-Competitive Conduct); *Peper v. St.*

---

until the Hospital's board makes its final decision." However, it "held" that "a physician subject to peer review must exhaust all available administrative remedies outlined in the CPRA before bringing any common law claims arising out of the [peer review] process or final decision in court." *Crow I*, 169 P.3d at 168-69.

4

*Mary's Hospital & Medical Center*, 207 P.3d at 886 (common law claims brought after final order of hospital board without C.R.C.P. 106(a)(4) proceedings) ; *Lee v. Banner Health*, 214 P.3d at 596 (physician subject to peer review may bring common law claims not involving assertions anticompetitive animus after final hospital board action without pursuing review under C.R.C.P. 106(a)(4)).

All of these authorities recognize that common law claims are not barred following peer review proceedings. Because the peer review proceedings conducted by the hospital are complete, and any claims arising out of those proceedings are no longer uncertain or contingent on future matters, the common law claims have become real, immediate, and fit for adjudication.

### III. Collateral Attack

The hospital argues that the doctor's common law claims are an impermissible collateral attack on the board's final decision. As best we can determine, the hospital appears to be arguing that in addition to completing the judicial review of the peer review proceedings under C.R.C.P. 106(a)(4), the physician must prevail in that review prior to commencing an action on his common law claims. We are not persuaded.

5

A collateral attack is "an attempt to avoid, defeat, or evade [a judgment], or deny its force and effect, in some incidental proceeding not provided by law." *Brennan v. Grover*, 158 Colo. 66, 69, 404 P.2d 544, 546 (1965) (quoting 49 C.J.S. *Judgments* § 408(b)). A judgment is not subject to collateral attack where the court has proper jurisdiction over the parties and the subject matter. *Id.* A determination of an administrative body becomes as final as a judgment. *Flavell v. Dep't of Welfare*, 144 Colo. 203, 206, 355 P.2d 941, 943 (1960).

Peer review proceedings are limited to quality of care and related matters. C.R.C.P. 106(a)(4) review of peer review proceedings is limited to a determination of whether the hospital exceeded its jurisdiction or abused its discretion. C.R.C.P. 106(a)(4)(I). Abuse of discretion, in this context, means that the decision under review "is so devoid of evidentiary support that it can only be explained as an arbitrary and capricious exercise of authority." *E.g., Ross v. Fire & Police Pension Ass'n*, 713 P.2d 1304, 1308-09 (Colo.1986).

If a physician is successful in a C.R.C.P. 106(a)(4) review, the most frequent remedy is a remand for further proceedings or, in a

6

rare case, reinstatement. The common law remedy is damages. Neither the peer review proceedings conducted by the hospital nor the review under C.R.C.P. 106(a)(4) affords an appropriate forum for the resolution of common law claims, which may arise out of the peer review process.

## IV. Conclusion

It may be the case that the final resolution of the C.R.C.P. 106(a)(4) proceedings will significantly impact the physician's common law claims. That impact may benefit the physician, or it may benefit the hospital. This possible impact, or relatedness, does not rise to an issue of subject matter jurisdiction, nor does it mean that the physician's common law claims are dependent on the outcome of the C.R.C.P. 106(a)(4) proceedings.

Recognizing the relatedness of the two actions, the trial court, at the request of either party, can schedule the matters appropriately. The issue here is limited to whether the trial court has subject matter jurisdiction over the physician's common law claims, which, in our view, it clearly does.

Therefore, the trial court's order dismissing the physician's complaint is vacated and the case is remanded to the trial court for further proceedings.

JUDGE ROMÁN and JUDGE BOORAS concur.