IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 1:16-cv-1237-JLK

**ELECTION SYSTEMS & SOFTWARE, LLC,**
    a Delaware limited liability company; and

**HART INTERCIVIC, INC.,**
    a Texas corporation;

        Plaintiffs,

        v.

**WAYNE W. WILLIAMS,**
    in his official capacity as Colorado Secretary of State.

        Defendant.
_____

**PLAINTIFFS' NOTICE OF WITHDRAWAL OF REQUEST FOR
EVIDENTIARY HEARING ON PRELIMINARY INJUNCTION MOTION
AND SUBMISSION OF MATTER ON PAPERS**
_____

    Plaintiffs Election Systems & Software, LLC ("ES&S"), and Hart InterCivic, Inc. ("Hart"), hereby withdraw their request for an evidentiary hearing on their preliminary injunction motion and submit the issue to the Court on the papers.

    Plaintiffs' May 23, 2016 motion sought a temporary restraining order and/or preliminary injunction. When the temporary restraining order approach was converted into a preliminary injunction process, Plaintiffs' requested a hearing date as a placeholder should that prove to be necessary and in order to establish a temporal parameter for completion of that process.

    Two months have now passed, during which the parties have conducted expedited discovery in the form of thousands of pages of document productions and four Rule 30(b)(6)

JK00844609.1 /font=8

depositions. The parties have submitted upwards of 30 evidentiary exhibits, including no less than a dozen sworn statements (affidavits and declarations), supporting and opposing the motion. An evidentiary hearing would essentially just regurgitate the exhibits and testimony already submitted to the Court. Judicial economy would not be served by engaging in such a hollow exercise.

Fed.R.Civ.P. 43(c) provides that when a motion – such as Plaintiffs' preliminary injunction motion here – relies on facts outside the record, the court may hear the matter on affidavits, depositions or testimony. Put another way, where such additional factual matter is included, a court may decide to hear the motion on affidavits, depositions, documents submitted or testimony. *See* <u>Seamons v. Snow</u>, 206 F.3d 1021, 1025 (10th Cir. 2000) (noting methods available under Rule 43 to resolve motions generally, and that oral testimony may be redundant and waste everyone's time); *see also* <u>Fener v. Belo Corp.</u>, 560 F. Supp. 2d 502, 503 n.1 (N.D. Tex. 2008), *order aff'd*, 579 F.3d 401 (5th Cir. 2009) (deciding class certification motion on papers without conducting evidentiary hearing or taking testimony); Indeed, a Court may hear a motion entirely on affidavits without the acquiescence of the parties. <u>Boit v. Gar-Tec Products, Inc.</u>, 967 F.2d 671, 676 (1st Cir. 1992).

In particular, preliminary injunction proceedings involve " 'procedures that are less formal and evidence that is less complete than in a trial on the merits.' " <u>Heideman v. South Salt Lake City</u>, 348 F.3d 1182, 1188 (10th Cir.2003) (citing <u>Univ. of Tex. v. Camenisch,</u> 451 U.S. 390, 395 (1981)). The preliminary injunction process involves a restricted proceeding with tight time constraints, limited evidence and expedited briefing. "The Federal Rules of

Evidence do not apply ...." *Id.*; *accord* <u>Port-a-Pour, Inc. v. Peak Innovations, Inc.</u>, 2015 WL 558702, at *7 (D. Colo. Feb. 10, 2015) (same, citing <u>Heideman</u>, *id.*).

Thus, "[a]ffidavits and other hearsay materials are often received in preliminary injunction proceedings.... [a]s appropriate given the character and objectives of the injunctive proceeding." <u>Asseo v. Pan Am. Grain Co.</u>, 805 F.2d 23, 26 (1st Cir.1986) (citations omitted); *see* <u>Fed. Sav. & Loan Ins. Corp. v. Dixon</u>, 835 F.2d 554, 558 (1987) (upholding reliance at preliminary injunction stage on extensive hearsay evidence involving affidavits, sworn statements, documents (including business records) and discovery responses); <u>Occupy Denver v. Cty. & Cty. of Denver</u>, 2011 WL 6096501, at *1 n.2 (D. Colo. Dec. 7, 2011) (admitting affidavits in TRO proceeding over hearsay objection).

Simply put, courts have discretion under Rule 43(c) to "tailor [their] proceedings to the practical realities surrounding [a] particular motion." <u>Stewart v. M.D.F., Inc.</u>, 83 F.3d 247, 251 (8th Cir. 1996). An evidentiary hearing may be appropriate when there exists a substantial factual dispute, *see id.*, but that is not the case here.

Accordingly, Plaintiffs' withdraw their evidentiary hearing request and submit the preliminary injunction issue to this Court on the papers. In the event Defendant calls one or more witnesses or introduces exhibits at the hearing, Plaintiffs reserve the right to later call out-of-state witnesses to testify and present exhibits in rebuttal. Additionally, Plaintiffs stand ready to participate in oral argument in support of their motion should the Court so desire.

### **D.C.COLO.LCivR 7.1A Certification**

After several missed phone calls back and forth, Plaintiff's undersigned counsel has

today conferred by telephone with counsel for the Secretary to inform Defendant that, pursuant to a decision just reached today: Plaintiffs ES&S and Hart are withdrawing their request for an evidentiary hearing and submitting their preliminary injunction motion on the papers for decision by the Court; reserving the right to later present additional, rebuttal, evidence through out-of-state witnesses in the event Defendant presents witnesses or introduces exhibits at the hearing; and stand ready to participate in oral argument assuming the Court so desires.

Dated: July 25, 2016.

JONES & KELLER, P.C.

*S/ T.P. McMahon*
Thomas P. McMahon
tmcmahon@joneskeller.com
Aaron D. Goldhamer
agoldhamer@joneskeller.com
1999 Broadway, Ste. 3150
Denver, Colorado 80202
Tel. (303) 573-1600
Fax (303) 573-8133
Attorneys for Plaintiffs

5

**CERTIFICATE OF SERVICE**

I hereby certify that on July 25, 2016, I filed a true and correct copy of the foregoing "**PLAINTIFFS' NOTICE OF WITHDRAWAL OF REQUEST FOR EVIDENTIARY HEARING ON PRELIMINARY INJUNCTION MOTION AND SUBMISSION OF MATTER ON PAPERS**" with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

LeeAnn Morrill
LeeAnn.Morrill@coag.gov

Grant T. Sullivan
Grant.Sullivan@coag.gov

Christopher Jackson
Christopher.Jackson@coag.gov

                                *s/Renae Mesch*
                                Renae Mesch