IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 1:16-cv-1237-JLK

**ELECTION SYSTEMS & SOFTWARE, LLC,**
    a Delaware limited liability company; and

**HART INTERCIVIC, INC.,**
    a Texas corporation;

        Plaintiffs,

        v.

**WAYNE W. WILLIAMS,**
    in his official capacity as Colorado Secretary of State.

        Defendant.
_____

**PLAINTIFFS' FORTHWITH MOTION FOR LIMITED EXTENSION OF TIME TO FILE NOTICE OF APPEAL**
_____

Plaintiffs Election Systems & Software, LLC ("ES&S"), and Hart InterCivic, Inc. ("Hart"), file this motion pursuant to Fed.R.Civ.P. 58(e) and in accordance with Fed.R.App.P. 4(a)(4)(A)(iii).

Final judgment dismissing this action without prejudice was entered on August 10, 2016. Under Fed.R.Civ.P. 54(d)(2)(B), Defendant Secretary of State Wayne W. Williams (the "Secretary") would normally have had 14 days – until August 24, 2016 – to seek attorneys' fees under 42 U.S.C. §1988(b). Meanwhile, under Fed.R.App.P. 4(a)(1)(A), ES&S and Hart would normally have 30 days from the entry of judgment – *i.e.*, until September 9, 2016, 16 days after the attorneys' fee motion – to file a notice of appeal.

The initial relationship between those two deadlines has subsequently been upset in that the Secretary has twice unopposedly moved for, and received, extensions totaling over a month of the time in which to seek attorneys' fees. Two days ago, that date was extended to September 26, 2016, well after the current date for Plaintiffs to file a notice of appeal. Fed.R.App.P. 4(a)(4)(A)(iii) affords a means for restoring the original balance between those two deadlines, however. It provides that where a party such as the Secretary timely files a motion for attorneys' fees under Fed.R.Civ.P. 54, the time to file an appeal runs from the entry of the order disposing of that motion *if the district court extends the time to appeal under Fed.R.Civ.P. 58*.

In turn, Fed.R.Civ.P. 58(e) provides that the district court may act before a notice of appeal is filed to order that a timely-filed motion for attorneys' fees under Rule 54(d)(2) causes the time to appeal to only begin to run when the fee motion is disposed of.

## CONCLUSION

In view of all of the preceding, Plaintiffs ES&S and Hart respectfully request that this Court enter a forthwith order that the time for them to file a notice of appeal shall be extended to and including 16 days after the Defendant Secretary's motion for attorneys' fees is due. Currently, that would be October 12, 2106.

## D.C. COLO.LCivR 7.1A Certification

Plaintiffs' undersigned counsel engaged in a telephone conversation with counsel for the Secretary and, the next day, left a followup voice-mail message confirmed by an e-mail, all requesting the return courtesy of Defendant not opposing this requested extension of time.

Defense counsel ultimately responded that the Secretary would not oppose a 10-day extension. Plaintiff's counsel replied that an extension until 16 days after the Secretary's attorneys' fee motion – restoring the original temporal relationship – was what is being sought. That is where matters stand at this time.

Dated:  September 8, 2016

>JONES & KELLER, P.C.
>  *S/ T.P. McMahon*
> Thomas P. McMahon
> tmcmahon@joneskeller.com
> 1999 Broadway, Ste. 3150
> Denver, Colorado 80202
> Tel. (303) 573-1600
> Fax  (303) 573-8133
> Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on September 8, 2016, I filed a true and correct copy of the foregoing **PLAINTIFFS' FORTHWITH MOTION FOR LIMITED EXTENSION OF TIME TO FILE NOTICE OF APPEAL** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

LeeAnn Morrill
LeeAnn.Morrill@coag.gov

Grant T. Sullivan
Grant.Sullivan@coag.gov

Christopher Jackson
Christopher.Jackson@coag.gov

*s/Renae Mesch*
Renae Mesch