IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 1:16-cv-1237 - JLK

**ELECTION SYSTEMS & SOFTWARE, LLC,**
    a Delaware limited liability company; and

**HART INTERCIVIC, INC.,**
    a Texas corporation;

    Plaintiffs,

v.

**WAYNE W. WILLIAMS,**
    in his official capacity as Colorado Secretary of State.

    Defendant.

---

**DECLARATION OF THOMAS P. McMAHON IN SUPPORT
OF PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S
MOTION FOR DISCRETIONARY AWARD OF ATTORNEYS' FEES**

---

Pursuant to 28 U.S.C. § 1746, Thomas P. McMahon deposes and states as follows based on personal knowledge.

1. I have practiced law in Denver since January 1976, a period of almost 41 years. The last 30 of those years have been in private practice. During my career, I have prepared expert reports and testified as an expert or fact witness on attorneys' fee issues – whether time was reasonably incurred, and whether the rates sought were reasonable – several times, in both federal and state court. I have also sought and obtained attorneys' fees on multiple occasions in federal court in antitrust (statutory) and securities (common fund) cases. I am familiar with the hourly rates typically charged by attorneys in private practice in the Denver

JK00863723.1 //font=8

**Exhibit 1**

metropolitan area.

2. I am personally responsible for and, in conjunction with preparing this Declaration, have personally re-examined, the billing records of Jones & Keller, P.C. in this matter for the period from late May through early September 2016, which is the period encompassed by Defendant's fee request. From May 20 through September 7, 2016, Plaintiffs' counsel recorded a total of 269.1 hours to this matter, as follows: late May (20th-31st), 30.19 hours; June, 50.7 hours; July, 178.7 hours; August, 7.51 hours; and early September (6th-7th), 2.0 hours. Not surprisingly, the work recorded included, but was not limited to, virtually the same topics and subjects encompassed by Defendant's fee request, as follows:

- Researching and preparing a Response (#33) in Opposition to the Secretary's Motion to Dismiss.

- Researching and preparing a Reply (#36) in support of Plaintiff's Motion for Preliminary Injunction, with supporting evidentiary exhibits (#36-11 through #36-22).

- Under Fed.R.Civ.P. 30(b)(6), taking the depositions of Defendant's two representatives and defending the depositions of Plaintiffs' two representatives.

- Negotiating the terms of a Proposed Protective Order (#24-1) to facilitate the exchange of sensitive and confidential material, and preparing a Motion (#28 ) to Modify One Critical Aspect of Defendant's Proposed Order, resulting in the Court granting Plaintiffs' Motion (#30) and modifying the Protective Order (#31) as requested by Plaintiffs.

- Propounding requests for production under Fed.R.Civ.P. 34, and reviewing the approximately 3,500 responsive documents that were produced.

- Responding to requests for production under Fed.R.Civ.P. 34, which required reviewing and producing approximately 2,500 documents.

- Preparing for the July 27, 2016 hearing, including preparation for oral argument on the Secretary's Motion to Dismiss (#21) and Reply (#37) and on Plaintiffs' Motion for a Preliminary Injunction (#2) and Reply (#36); and preparing to contest

Defendant's planned evidentiary presentation on the latter via cross examination of witness testimony, including use of their affidavits or declarations.

- Researching and negotiating with opposing counsel regarding Defendant's Stipulated Bill of Costs (#42) and Motion for Attorneys' Fees (#52), and researching and preparing a Response Brief in Opposition to the latter.

3.   During the course of my legal career, I was employed by the Colorado Attorney General's Office for approximately 11 years, from 1978 to 1989. During my time there, the office budget was earned, in part, by billing client departments and agencies of Colorado State Government who were represented by various Sections and Units of the office. The billing rate per hour charged to those client departments and agencies was far, far less than the rates charged at that time to clients by lawyers in private practice – a few tens of dollars per hour rather than hundreds.

4.   Also in conjunction with preparing this Declaration I have personally examined the billing rates of Jones & Keller attorneys and communicated with several of them regarding their number of years in practice. Further, I am familiar with and have re-reviewed the 2012 Colorado Bar Association Economic Survey Snapshot ("CBA Survey").

    a.   Three of my partners – two practicing tax law – charge essentially the $350 rate requested by Defendant for Ms. Morrill, who has practiced law for 14 years. One partner with 33 years of experience, and another with 23 years who practices in the tax area, charge exactly that rate. The other partner, with 17 years of experience *and* a masters degree in tax law, charges $355/hour. Yet another partner, with 24 years in practice, only charges $330/hour. An of counsel attorney in my firm who worked extensively on this case has practiced law for 25 years – 11 years longer and than Ms. Morrill – yet only charges

$275/hour. According to the CBA Survey, an attorney in the 11-15 year experience range such as Ms. Morrill at the median had an hourly rate of $225 and at the 75th percentile had an hourly rate of $258. *Id.* at 15.

In my opinion, and with all due respect to Ms. Morrill, the rate sought for her is high for attorneys of her experience level in the Denver metropolitan area. Adjusted for the time differential since the CBA Survey, based on what private practice attorneys in my firm are currently charging and on my experience with and knowledge of the Denver legal market, I believe an appropriate rate for her would be on the order of $250-$275/hour, and no more than $300/hour.

      b.    The same of counsel attorney referenced above has practiced law for 18 years and 3½ times longer than Mr. Sullivan, yet only charges the above-mentioned $275/hour – as compared with the $300 rate sought for him. According to the CBA Survey, an attorney in the 6-10 year experience range such as Mr. Sullivan at the median had an hourly rate of $200, and at the 75th percentile had an hourly rate of $250. *Id.* at 15. Similarly, a senior associate with 6-9 years of experience at the median had an hourly rate of $210, and at the 75th percentile had an hourly rate of $250. *Id.* at 16.

In my opinion, and with all due respect to Mr. Sullivan, the rate sought for him is high for attorneys of his experience level in the Denver metropolitan area. Adjusted for the time differential since the CBA Survey, based on what private practice attorneys in my firm are currently charging and on my experience with and knowledge of the Denver legal market, I believe an appropriate rate appropriate rate for him would be on the order of $250/hour,

and no more than $275/hour.

  c. A senior litigation associate in this firm who worked on this case has almost double the years of experience (7) that Mr. Jackson has (4). Yet, that associate was only billing at the rate of $275/hour, as compared with the $300 rate sought for Mr. Jackson. Another litigation associate in the firm with 3½ years of practice – almost the same as Mr. Jackson – is billing at the rate of just $235/hour.

According to the CBA Survey, an attorney in the 5 years or less experience range such as Mr. Jackson at the median had an hourly rate of $175, and at the 75th percentile had an hourly rate of $200. *Id.* at 15. Similarly, a mid-level associate with 4-5 years of experience at the median had an hourly rate of $200, and at the 75th percentile had an hourly rate of $229. *Id.* at 16.

In my opinion, and with all due respect to Mr. Jackson, the rate sought for him is high for attorneys of his experience level in the Denver metropolitan area. Adjusted for the time differential since the CBA Survey, and based on what private practice attorneys in my office are currently charging and on experience with and knowledge of the Denver legal market, I believe an appropriate rate for him would be on the order of $235/hour, and no more than $250/hour.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: October 11, 2016

*[signature]*
Thomas P. McMahon