IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:16-cv-1237-JLK

**ELECTION SYSTEMS & SOFTWARE, LLC**, a Delaware limited liability company; and **HART INTERCIVIC, INC**., a Texas corporation,

    Plaintiffs,

v.

**WAYNE W. WILLIAMS**, in his official capacity as Colorado Secretary of State,

    Defendant.

**DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR ATTORNEYS' FEES UNDER FED. R. CIV. P. 54(d)**

Defendant Wayne W. Williams, in his official capacity as the Colorado Secretary of State ("the Secretary"), submits this Reply in support of his Motion for attorneys' fees under Fed. R. Civ. P. 54(d).

**REPLY ARGUMENT**

**I.   Plaintiffs' action was frivolous, unreasonable, and without foundation.**

    *A.   This Court should reject Plaintiffs' unattainably high standard and award the Secretary his attorneys' fees under the proper standard.*

Plaintiffs attempt to dissuade this Court from awarding the Secretary his reasonable attorneys' fees by interposing an unduly high legal standard

that is inconsistent with the law. They suggest that attorneys' fees are appropriate only if the Complaint presents "an indisputably meritless legal theory" whose factual contentions are "clearly baseless" to the point of being "fanciful" and describing "fantastic or delusional scenarios." [Doc. 53], pp. 3-4. In Plaintiffs' view, the alleged facts must be "irrational" or "wholly incredible." *Id.* at 4. Although Plaintiffs' Complaint may satisfy these high thresholds, the cases relied on by Plaintiffs are inapposite—they involve the authority of district courts to dismiss federal *in forma pauperis* complaints. *See Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989). They do not involve requests for attorneys' fees under 42 U.S.C. § 1988(b), rendering them uninformative here.

Contrary to Plaintiffs' arguments, the governing legal standard is simply whether the plaintiff's action was frivolous, unreasonable, <u>or</u> without foundation. *D.A. Osguthorpe Family Partnership v. ASC Utah, Inc.*, 576 Fed. Appx. 759, 763 (10th Cir. 2014); *Prochaska v. Marcoux,* 632 F.2d 848, 853-54 (10th Cir. 1980); *Anderson v. Glismann*, 577 F. Supp. 1506, 1510 (D. Colo. 1984) (Kane, J.). In other words, an award of attorneys' fees is appropriate if "[t]he law was clear at the time th[e] case was filed" that the plaintiff's claims could not prevail as a matter of law. *Winkel v. Reserve Officer*, No. 89-4268-

2

RDR, 1994 U.S. Dist. LEXIS 12412, *4 (D. Kan. 1994).[1] This standard is satisfied as to both the dormant Commerce Clause claim and the state law claims.

***Dormant Commerce Clause Claim***. The Secretary's Motion explains in detail why Plaintiffs' dormant Commerce Clause claim could not prevail as a matter of law under any view, thus rendering it frivolous, unreasonable, and without foundation. [Doc. 52], pp. 3-7. Although Plaintiffs repeatedly attempt to re-litigate the merits, *see, e.g.*, [Doc. 53], pp. 5-6 (arguing "the effect of the Secretary's actions and rules … constitutes a dormant Commerce Clause violation"), they cite no case where the market participant exception was applied in a manner that would have permitted their claim to go forward.

Plaintiffs' citation to *Bernardi* and *GSW, Inc.* do not help their cause. *See* [Doc. 53], pp. 9-10 (citing *W.C.M. Window Co. v. Bernardi*, 730 F.2d 486 (7th Cir. 1984), and *GSW, Inc. v. Long Cnty.*, 999 F.2d 1508 (11th Cir. 1993)). In *Bernardi*, the court declined to apply the market participant exception because the local government was acting "without any state financial support or supervision." 730 F.2d at 496. And in *GSW, Inc.*, a case not previously

---

[1] All unpublished cases cited herein are attached as Exhibit D.

3

cited by Plaintiffs, the court stated that the market participant exception did not apply because the county government "has not invested, expended or risked any public funds in any aspect" of the contemplated landfill. 999 F.2d at 1513. But here, the allegations in Plaintiffs' own Complaint, which must be accepted as true, make clear that Colorado's counties are receiving financial support from the Secretary for transitioning to compliant voting systems.[2] Am. Compl. [Doc. 35] ¶ 46; *see also* [Doc. 37], p. 5 n.1. Thus, even a modicum of legal research performed before the filing of Plaintiffs' Complaint would have revealed that their Commerce Clause claim was not viable under all existing case law. *Cf. Steinert v. Winn Group, Inc.*, No. 98-2564-CM, 2003 U.S. Dist. LEXIS 4143, *11 (D. Kan. 2003) (awarding attorneys' fees under 28 U.S.C. § 1927 where "plaintiff's counsel failed to fully research the viability of these claims under the facts of this case"). Accordingly, *Bernardi* and *GSW,*

---

[2] Plaintiffs cite no case supporting their attempt to distinguish between financial support for "acquiring" voting systems and financial support for "training, implementation and program management" services. [Doc. 53], p. 11. No such distinction can or should be made. The sophisticated voting systems and software at issue here are worthless without the vendors' ongoing program support and licensing services. *See Buchwald v. Univ. of N.M. Sch. of Med.*, 159 F.3d 487, 496 n.9 (10th Cir. 1998) (applying market participant exception to the provision of "educational services").

4

*Inc.* do nothing to lift Plaintiffs' action out of the category of cases found to be frivolous, unreasonable, and without foundation.

***State Law Claims***. Plaintiffs contend that 42 U.S.C. § 1988(b) does not authorize the Secretary to seek attorneys' fees related to his defense of the state law claims. [Doc. 53], pp. 13-14. Plaintiffs are mistaken.

Both the U.S. Supreme Court and the Tenth Circuit have rejected Plaintiffs' view, holding that attorneys' fees are awardable under § 1988(b) even when the party prevails on grounds other than § 1983. In *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983), the Court observed that a civil rights suit often involves "related legal theories" involving "a common core of facts," making it difficult to "divide the hours expended on a claim-by-claim basis." In that type of case, the Court explained, the district court should focus on the "overall relief obtained" by the prevailing party. *Id.* Relying on *Hensley*, the Tenth Circuit held that "the fact that a party prevails on grounds other than § 1983 does not preclude the award of attorneys' fees under § 1988." *J&J Anderson, Inc. v. Erie*, 767 F.2d 1469, 1474 (10th Cir. 1985), *disapproved of on other grounds by Dennis v. Higgins*, 498 U.S. 439 (1991). Other circuits agree. *See Williams v. Thomas*, 692 F.2d 1032, 1036 (5th Cir. 1982) (collecting cases for the principle that "a party prevailing on a substantial

5

claim that is pendent to a civil rights claim is entitled to a recovery of attorney's fees when the civil rights claim and the pendent claim arise out of a common nucleus of operative facts"). In this case, each of Plaintiffs' state law claims arises out of the same "common core" of facts—the Secretary's adoption of administrative rules governing voting systems. Accordingly, the rule elucidated in *Hensley* and *J&J Anderson* applies, entitling the Secretary to his attorneys' fees related to the state law claims.

The only other argument advanced by Plaintiffs against the Secretary's request for attorneys' fees related to the state law claims is that the Secretary "did not prevail on the state law claims." [Doc. 53], p. 14. According to Plaintiffs, this Court's decision to abstain from the state law claims defeats the Secretary's request for attorneys' fees. *Id.* Again, Plaintiffs are incorrect. Numerous courts, including in this circuit, have awarded attorneys' fees in cases where the court abstained from hearing the federal action under one or more of the recognized abstention doctrines. *See, e.g., D.A. Osguthorpe Family P'ship*, 576 Fed. Appx. at 762, 764-65 (affirming defendant's entitlement to attorneys' fees under § 1988(b) where district court originally abstained under "the *Rooker-Feldman* doctrine, the *Younger* doctrine, and 'general principles of abstention'"); *cf. Garcia v. Tamir*, No. 99-Civ.-0298

6

(LAP), 1999 U.S. Dist. LEXIS 11940, *25-30 (S.D.N.Y. 1999) (awarding costs and attorneys' fees under 28 U.S.C. § 1927 where court abstained under *Colorado River*). This Court should do the same here.

Moreover, Plaintiffs' suggested mode of analysis would deprive prevailing defendants of their right to seek attorneys' fees any time a court chose to dismiss an action based on various abstention doctrines rather than address a dispositive merits-based defense raised in a Rule 12(b) motion. This Court should decline to adopt that type of cramped view of § 1988(b). Even if this Court had not dismissed based on abstention, the Secretary asserted multiple dispositive defenses to the state law claims that would have required their dismissal in any event; these included Eleventh Amendment immunity, ripeness, statutory time bars,[3] and lack of standing. [Doc. 21], pp. 15-17, 20-25. Courts routinely award attorneys' fees when these types of defenses preclude the plaintiff's relief. *See, e.g.*, *Thorpe v. Ancell*, 367 Fed. Appx. 914, 920, 924 (10th Cir. 2010) (upholding attorneys' fee award under §

---

[3] In a footnote, this Court agreed with the Secretary's argument that Plaintiffs' state law claims were time barred. [Doc. 41], p. 13 n.1. This lends further support to the Secretary's argument that Plaintiffs' state law claims were frivolous, unreasonable, and without foundation. *See Thorpe v. Ancell*, 367 Fed. Appx. 914, 920, 924 (10th Cir. 2010); *Winkel*, 1994 U.S. Dist. LEXIS 12412, *4-6.

1988(b) where statute of limitations barred plaintiffs' claims); *Franceschi v. Schwartz*, 57 F.3d 828, 832 (9th Cir. 1995) (upholding award of attorneys' fees under § 1988(b) to a defendant who successfully raised an Eleventh Amendment immunity defense).

Accordingly, this Court should award the Secretary his reasonable attorneys' fees related to the state law claims.

### B. Attorneys' fees are appropriate for successful affirmative defenses.

Plaintiffs next argue that they need not anticipate possible affirmative defenses, like the market participant exception. [Doc. 53], pp. 6-7. This argument, however, ignores cases where defendants are awarded attorneys' fees after successfully asserting an affirmative defense. *See Thorpe*, 367 Fed. Appx. at 920, 924 (upholding fee award after successful statute of limitations defense); *Winkel*, 1994 U.S. Dist. LEXIS 12412, *4-6 (similar); *see also Graham v. Taylor*, No. 15-cv-00006-GPG, 2015 U.S. Dist. LEXIS 87832, *3 (D. Colo. 2015) ("The statute of limitations is an affirmative defense.").

### C. The length of the Court's dispositive order is immaterial.

Plaintiffs assert that this Court's "in-depth analysis in a 14-page opinion" establishes that Plaintiffs' Complaint was not frivolous,

unreasonable, or without foundation. [Doc. 53], p. 13. But as shown by the lengthy court decisions in cases where fees are awarded, the mere length of the Court's opinion is not a decisive indicator of whether the plaintiff's Complaint is frivolous, unreasonable, or without foundation. *See, e.g*, *Parker v. Milyard*, No. 12-cv-00448-WYD-MJW, 2012 U.S. Dist. LEXIS 180105 (D. Colo. 2012) (granting Motion to Dismiss in 19-page order, Lexis pagination); *id.*, 2013 U.S. Dist. LEXIS 131880 (awarding attorneys' fees in same case).

### D. *The Secretary's reply brief did not raise new arguments.*

Plaintiffs contend that attorneys' fees are inappropriate because the Secretary's reply brief "shifted" the market participant exception argument by citing new authorities. [Doc. 53], p. 9. This again is an attempt to re-litigate the merits. *See id*. ("The response brief showed that the Secretary does not participate in commerce."). In any event, the sequence in which a prevailing defendant cites favorable authorities has no bearing on whether the plaintiff's action is frivolous, unreasonable, or without foundation. Plaintiffs cite no case, and the Secretary is aware of none, requiring the defendant to raise all relevant case authority in the initial motion to dismiss. If that were the case, reply briefs would be meaningless.

Here, the Secretary properly raised the market participant exception in his motion to dismiss by citing all Supreme Court cases recognizing the exception. Plaintiffs' response brief asserted, for the first time, that the Secretary as a state officer is distinct and separate from Colorado's political subdivisions for purposes of the market participant exception. The Secretary's reply brief properly refuted this argument by citing a subset of market participant exception cases that squarely reject Plaintiffs' newly raised theory. It did not constitute an improper "new" argument. *See Stender v. Gerardi*, No. 07-cv-02503-EWN-MJW, 2008 U.S. Dist. LEXIS 83151, at \*24-25 (D. Colo. 2008) (citing *Beaudry v. Corr. Corp. of Am.*, 331 F.3d 1164, 1166 n.3 (10th Cir. 2003)) (rejecting argument that defendant's reply raised "new arguments" and explaining it is proper for reply briefs to reply to "arguments advanced in a response brief").

Accordingly, this Court should award the Secretary his reasonable attorneys' fees because Plaintiffs' action was frivolous, unreasonable, and without foundation.

## II. The requested attorneys' fees are compensable and not excessive.

### A. *Time linked to the state law claims is compensable.*

Plaintiffs argue that the Secretary's requested attorneys' fees are excessive because fees for "non-compensable" time related to the state law claims cannot be awarded. [Doc. 53], pp. 14-18. But as already established, the fees related to the state law claims are compensable. *See J&J Anderson, Inc.*, 767 F.2d at 1474. Accordingly, no reduction is necessary for billing entries that "commingle" work related to the state law claims and the dormant Commerce Clause claim. [Doc. 53], p. 16.

### B. *The submitted time sheets describe in detail the legal tasks performed.*

Plaintiffs also request a reduction in the fee award because, in their view, the Secretary's attorneys' time sheets improperly use "block-billing." [Doc. 53], p. 15 (citing *Cadena v. Pacesetter Corp.*, 224 F.3d 1203, 1214-15 (10th Cir. 1983)). But the case Plaintiffs cite defeats their own argument. In *Cadena*, the Tenth Circuit *upheld* the district court's fee award, stating that "this court has *not* established a rule mandating reduction or denial of a fee request if the prevailing party submits attorney-records which reflect block billing." *Id.* at 1215 (emphasis added). The crucial inquiry, the Tenth Circuit

11

explained, is whether the submitted records "sufficiently allowed the court to determine the time allotted by her attorneys to specific tasks and the reasonableness of that time." *Id.*

In this case, the submitted billing records more than satisfy this standard. In entries spanning eleven pages, the Secretary's attorneys describe in excruciating detail the legal tasks performed on the Secretary's behalf. [Doc. 52-5]. The following entries are representative:

| 6/7/2016 | 190 - Legal Research/Reading | Researched whether any of the five claims are barred by a statute of limitations or are otherwise untimely; researched other points of administrative law and exhaustion of remedies as a bar to this action. | 4.50 |

[Doc. 52-5], p. 1 (Mr. Jackson).

| 6/28/2016 | 220 - Pleadings | Continue to draft Response to the Motion for Preliminary Injunction, including statement of facts and procedural background that incorporates statements and facts outlined in the clerk affidavits, and section responding to Plaintiffs' argument that they satisfy the alternative standards for a preliminary injunction; research and analyze case law re: the alternative standards and evaluate ways to distinguish those cases. | 5.20 |

[Doc. 52-5], p. 6 (Mr. Sullivan).

| 6/6/2016 | 030 - Case Management | Exchange emails with T. McMahon regarding motion for protective order; Review order granting same; Forward order granting same to Deputy Secretary Staiert, T. Bratton, J. Choate, H. Rudy, D. Shellman, and M. Waples; Review and calendar new case deadlines. | 0.50 |

[Doc. 52-5], p. 10 (Ms. Morrill).

12

The level of specificity in these entries is more than sufficient to permit the Court to determine the time allotted to specific tasks and the reasonableness of that time. *See Cadena*, 224 F.3d at 1215. Accordingly, this Court should award the Secretary the full amount of his requested attorneys' fees.

### C. *The time expended by Plaintiffs' counsel is not a useful comparison.*

Plaintiffs also argue that the Secretary's request should "be reduced by virtually half" because, according to Plaintiffs, their counsel spent only 269.1 hours prosecuting this case. [Doc. 53], pp. 18-19. While Plaintiffs' counsel has not submitted his own time sheets to verify this amount, the time spent by Plaintiffs' counsel prosecuting a case in which they were ultimately unsuccessful is not an instructive measure for judging the reasonableness of the hours expended by the Secretary's attorneys.

The Secretary's strategy for obtaining a successful outcome—and the hours necessary to execute that strategy—differed substantially from Plaintiffs' counsel's plan. For his part, the Secretary's litigation plan proceeded along two different but equally important paths: (1) obtain dismissal through a motion to dismiss under Fed. R. Civ. P. 12(b)(1) and

13

(b)(6), and alternatively, (2) defeat Plaintiffs' motion for a preliminary injunction by presenting evidence showing that Plaintiffs failed to satisfy their burden. Both of these complimentary paths required extensive work. The motion to dismiss path required painstaking research and drafting on numerous issues, including the market participant exception, the Help America Vote Act, Eleventh Amendment immunity, *Pullman* abstention, ripeness, standing, and the jurisdictional nature of time bars for seeking appellate relief under Colorado's Administrative Procedures Act. [Doc. 21]. These issues were multiplied when Plaintiffs' response brief raised the National Voter Registration Act, requiring still more research and drafting for the reply brief. [Doc. 37]. Because the Secretary filed two briefs supporting the motion to dismiss (not just a response brief), it should come as no surprise that Plaintiffs' counsel expended fewer hours than the Secretary's attorneys.

The alternative path—defeating Plaintiffs' preliminary injunction request—similarly required significant effort. It involved becoming familiar with the technical requirements of the Secretary's new rules, researching and drafting an opposition brief to Plaintiffs' preliminary injunction motion [Doc. 32], negotiating the terms of and drafting a proposed protective order,

seeking discovery (both written and oral) on Plaintiffs' efforts and ability to comply with the Secretary's new rules, interviewing county clerk and recorders regarding the positive and negative impacts of the new rules, and preparing the testimony of five different witnesses for the July 27, 2016 hearing. [Doc. 52-5]; *Def. Witness List*. Along the way, the Secretary's counsel was also forced to expend multiple hours responding to Plaintiffs' expedited discovery requests and attending depositions of the Secretary's staff requested by Plaintiffs. [Doc. 11].

By contrast, Plaintiffs strategy in *seeking* their requested preliminary injunction differed substantially from the Secretary's strategy in *defeating* it. Most importantly, Plaintiffs elected not to proceed with an evidentiary hearing on their preliminary injunction request, choosing instead to stand on their written declarations. [Doc. 39]. It was thus unnecessary for Plaintiffs' counsel to expend the hours necessary to prepare supporting exhibits or the hearing testimony of multiple witnesses. The Secretary did not have that luxury, having received notice of Plaintiffs' decision to withdraw their evidentiary hearing request just two days before the July 27, 2016 hearing. [Doc. 39]. Plaintiffs' invitation to compare apples to oranges should therefore be rejected.

15

### D. The Secretary's requested hourly rates are below the market rate.

Finally, Plaintiffs request that the hourly rates for the Secretary's attorneys be reduced, from $350 to $300 per hour for Ms. Morrill, from $300 to $275 per hour for Mr. Sullivan, and from $300 to $250 per hour for Mr. Jackson. [Doc. 53], pp. 21-22. Plaintiffs' arguments should be rejected because they ignore the prevailing market rates in the Denver legal community.

Ms. Morrill is a 14-year attorney with extensive litigation experience in both private and public law offices. [Doc. 52-2]. Over ten years ago, this Court approved a "conservative" $330 hourly rate for two attorneys with similar (or less) experience. *See Lucas v. Kmart Corp.,* No. 99-cv-01923-JLK-CBS, 2006 U.S. Dist. LEXIS 51420 (D. Colo. 2006) (Kane, J.) (awarding fees to Messrs. Fox and Robertson, who had 8 and 11 years' experience when case was filed, respectively, and 15 and 18 years' experience when award was finally entered). Given the passage of time since *Lucas*, the requested $350 rate for Ms. Morrill is more than reasonable and *below* the current market rate in Denver. *See Ryals v. City of Englewood*, No. 12-cv-02178-RBJ, 2014 U.S. Dist.

LEXIS 77304, *30-32 (D. Colo. 2014) (awarding $395 per hour to Ms. Sullivan, a trial lawyer "with 14 years of experience").

The requested $300 hourly rate for Messrs. Sullivan and Jackson are similarly below the current market rates in Denver for attorneys with comparable experience. Mr. Sullivan has eight years of experience (not seven) and Mr. Jackson has five-and-a-half years of experience (not four). [Docs. 52-3 & 52-4]. Both are veteran litigators and have prior private practice experience. Mr. Jackson, who was with Sherman & Howard, L.L.C. in Denver as recently as December 2015, billed $325 per hour while working at that firm.[4] *See Supplemental Declaration of Christopher Jackson*, attached as Exhibit E. Had he remained at Sherman & Howard, his hourly rate for the 2016-2017 year would have increased. *See id*. Accordingly, the requested hourly rate of $300 for Messrs. Sullivan and Jackson is reasonable and lower than the prevailing market rate in Denver. *See Ryals*, 2014 U.S. Dist. LEXIS 77304, *9, 32 (awarding $310 to attorney LaTarte, a 2008 graduate with six years' experience); *see also id.* at *23-24 (citing *Nero v. American Family Mut.*

---

[4] In a footnote, Plaintiffs suggest that the Attorneys' General Office, as public law office, is not entitled to recover attorneys' fees at the market rate. [Doc. 53], p. 20 n.5. Plaintiffs are wrong. *See Ramos v. Lamm*, 713 F.2d 546, 555 (10th Cir. 1983) ("Salaried public interest firm lawyers should be assigned a billing rate equal to their counterparts in expertise in private practice.").

17

*Ins. Co.,* No. 11-cv-02717-PAB-MJW, 2013 U.S. Dist. LEXIS 135669 (D. Colo. 2013)) (stating that in *Nero* the court awarded "$370 for an associate with eight years' experience; [and] $310 for an associate with five years' experience").

## CONCLUSION

The Secretary respectfully requests that the Court grant his Motion seeking attorneys' fees in the amount of $158,355.00, and grant such other and appropriate relief that the Court deems just.

Respectfully submitted this 27th day of October, 2016.

> CYNTHIA H. COFFMAN
> Colorado Attorney General
>
>  *s/ Grant T. Sullivan*
> LEEANN MORRILL, No. 38742*
> First Assistant Attorney General
> GRANT T. SULLIVAN, No. 40151*
> Assistant Solicitor General
> CHRISTOPHER JACKSON, No. 49202*
> Assistant Attorney General
> *Counsel of Record
> *Counsel for the Secretary*
>
> Public Officials Unit
> State Services Section
> 1300 Broadway, 6th Floor
> Denver, CO 80203
> Phone:  (720) 508-6000
> Fax:  (720) 508-6041
> Email:  leeann.morrill@coag.gov

grant.sullivan@coag.gov
christopher.jackson@coag.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 27, 2016, I served a true and complete copy of the **DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR ATTORNEYS' FEES UNDER FED. R. CIV. P. 54(d)** upon all parties through ECF-file and serve or as indicated below:

Thomas P. McMahon
Aaron D. Goldhamer
JONES & KELLER, P.C.
1999 Broadway, Ste. 3150
Denver, CO 80202
tmcmahon@joneskeller.com
agoldhamer@joneskeller.com
*Attorneys for Plaintiffs*


*s/ Xan Serocki*
Xan Serocki