UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. 16-cv-1237-JLK

**ELECTION SYSTEMS & SOFTWARE, LLC,** a Delaware limited liability company,

and

**HART INTERCIVIC, INC.**, a Texas corporation,

     Plaintiffs,

v.

**WAYNE W. WILLIAMS,** in his official capacity as Colorado Secretary of State,

     Defendant.
_____

**ORDER DENYING DEFENDANT'S MOTION FOR ATTORNEY FEES AS PREVAILING PARTY UNDER FED. R. CIV. P. 54(d) and 42 U.S.C. §1988**
_____

Kane, J.

     Defendant moves for an award of attorney fees as a prevailing party after summary judgment entered in his favor and against Plaintiffs. My views on the high standard for awarding fees to prevailing defendants in cases brought to vindicate constitutional or civil rights claims have not changed, and I will award them only under the most special of circumstances. This case does not present them, and the motion for fees is DENIED.

     Under 42 U.S.C. §1988(b), "a court has discretion to 'allow the prevailing party . . . a reasonable attorney's fee' in a civil rights lawsuit filed under 42 U.S. C. §1983."

1

Although the statute does not distinguish between plaintiffs and defendants, it embodies a private-attorney-general principle intended to facilitate, rather than impede, plaintiffs from pursuing civil rights claims. For that reason, courts have interpreted §1988 to hold prevailing defendants who seek a fee award to a higher standard than prevailing plaintiffs, i.e., defendant will be entitled to fee shifting under the statute only if plaintiff's action was "frivolous, unreasonable, or without foundation." *Hughes v. Rowe,* 449 U.S. 5 (1980) (*per curiam*); *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978), *applied in Haynes v. City of Gunnison*, 214 F. Supp.2d 1119, 1122-23 (D. Colo. 2002)(Kane, J.)(awarding fees to prevailing defendants who do not meet high standard would chill plaintiffs' pursuit of civil rights claims and thwart strong public policy in favor of private enforcement of individual civil rights claims).

Plaintiffs' dormant commerce clause challenge to the Secretary's rulemaking authority in this case was not without foundation, nor frivolous or unreasonable, as evidenced by the 14-page opinion written addressing it. While I ultimately deferred to the pending state court proceedings and abstained from ruling on the administrative challenge, the analysis required careful consideration of the constitutional issue raised and in particular the complex distinction between being a "market regulator" and "market participant" for dormant commerce clause liability purposes.

The Secretary's Motion for Discretionary Award of Attorney Fees (Doc. 52) is DENIED.

Dated this 8th day of November, 2016.

*John L. Kane*
SENIOR U.S. DISTRICT JUDGE